UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SYSTEMS INTEGRATION AND | ) | Case No. 13-10826-RGM |
| MANAGEMENT CORPORATION | ) | |
| | ) | |
| *Debtor-in-Possession* | ) | Chapter 11 |
| | ) | |
| P. H. HARRINGTON, JR. | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs. | ) | Adv. Proceeding |
| | ) | No. 13-01116-RGM |
| | ) | |
| SYSTEMS INTEGRATION AND | ) | |
| MANAGEMENT CORPORATION | ) | |
| | ) | |
| *Defendant* | ) | |

**MOTION TO DISMISS
AND MOTION FOR SANCTIONS**

**COMES NOW** the defendant, SYSTEMS INTEGRATION AND MANAGEMENT CORPORATION, by counsel, and moves this Court pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, and files this motion to dismiss this proceeding and award sanctions pursuant to Rule 7011 of the Federal Rules of Bankruptcy Procedure, and in support of these motions, files the attached points of authority and memorandum of law.

Date: August ' , 2013                        SYSEMS INTEGRATION AND
                                             MANAGEMENT CORPORATION
                                             By counsel

1

/s/ Bennett A. Brown
Bennett A. Brown, VSB # 12583
Counsel for defendant
3905 Railroad Avenue, Suite 200N
Fairfax, VA 22030
Telephone:  703-591-3500; telefax: 703-352-5122
e-mail: bennett@pcgalaxy.com

# CERTIFICATE OF SERVICE

I certify that a true copy of this motion, with memorandum attached, was either mailed, postage prepaid, or served electronically, this ' th day of August, 2013, to the following:

    P. H. Harrington, Jr.
    4160 Chain Bridge Road
    Fairfax, VA 22030
    *Claimant*

    Alan Cilman
    4160 Chain Bridge Road
    Fairfax, VA 22030
    *Counsel for Claimant*

    Jack I. Frankel
    OFFICE OF THE U. S. TRUSTEE
    115 S. Union Street, Suite 210
    Alexandria, VA 22314
    *Counsel for US Trustee*

    /s/ Bennett A. Brown
    Bennett A. Brown
    Counsel for debtor

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SYSTEMS INTEGRATION AND ) | Case No. 13-10826-RGM |
| MANAGEMENT CORPORATION ) | |
| ) | |
| *Debtor-in-Possession* ) | Chapter 11 |
| ) | |
| ) | |
| P. H. HARRINGTON, JR. ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| vs. ) | Adv. Proceeding |
| ) | No. 13-01116-RGM |
| ) | |
| SYSTEMS INTEGRATION AND ) | |
| MANAGEMENT CORPORATION ) | |
| ) | |
| *Defendant* ) | |

**MEMORANDUM OF LAW AND POINTS OF
AUTHORITY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SANCTIONS**

**COMES NOW** the defendant, SYSTEMS INTEGRATION AND MANAGEMENT CORPORATION, by counsel, provides the following memorandum of law and points of authority:

**STATEMENT OF FACTS:**

The debtor commenced its chapter 11 proceeding in this Court on February 22, 2013. The debtor is a debtor in possession under the provisions of §1107 of the Bankruptcy Code. The plaintiff filed this adversary proceeding on May 16, 2013 [Docket No. 1]. The Court issued a summons and notice of pre-trial conference on

May 19, 2013 [Docket No. 7]. The summons required the defendant to respond by June 17, 2013. To date, the plaintiff has not served the summons. Counsel for the defendant contacted counsel for the plaintiff by telephone on July 10, 2013, and advised him of that fact. Defendant's counsel followed up his telephone call with a letter to plaintiff's counsel on July 11, 2013. A copy of the letter is attached hereto as Exhibit A, and incorporated herein by this reference.

The complaint alleges that the defendant is indebted to the plaintiff under a promissory note dated April 30, 2003 (the "Note") in the sum of $47,632.38 (¶8) and under a check payable to the defendant dated March 19, 2004 in the sum of $18,000.00 (¶13). Counts I and II of the complaint seeks to have the Court determine that the obligations of the defendant with regard to the Note and the Check are not dischargeable. Count III seeks to have the defendant's discharge denied for fraud (¶34). Count IV seeks to have the defendant's discharge denied for non-compliance with Court orders, fraud, misrepresentations and "failure to comply with requirements" (¶82) and other unspecified reasons (¶83)[1].

**ARGUMENT:**

**I. SECTION 523 OF THE BANKRUPTCY CODE AND THE EXCEPTIONS CONTAINED THEREIN DO NOT APPLY TO A CASE OF A NON-INDIVIDUAL.**

The complaint seeks to have the Court determine that certain debts he is allegedly owed by the defendant be excepted from discharge. A proceeding objecting to the discharge of a particular debt is governed by §523 of the Bankruptcy Code. This states, *inter alia*, as follows:

---

[1] The complaint refers to paragraphs numbered 35 through 78, but the complaint contains no such paragraphs. The numbers in the complaint progress from 34 to 81 with no interim designations.

> "(a) A discharge under section …1141….of this title does not discharge an <u>individual</u> (*emphasis added*) from any debt….[2]

The applicable code section is clear and unequivocal that a proceeding under §523 is not applicable to a non-individual bankruptcy proceeding. The plaintiff cites no statutory authority for his assertions. For this reason, any complaint objecting to the dischargeability of any debt in this proceeding should be dismissed.

**II. SECTION 727 OF THE BANKRUPTCY CODE AND THE EXCEPTIONS CONTAINED THEREIN DO NOT APPLY TO A CASE OF A NON-INDIVIDUAL.**

Count III of the complaint is entitled "Objection to Discharge". However, the allegations seem to request that the alleged debts of defendant to plaintiff "debts cannot be and should not be discharged." (¶34) On the other hand, the pray for relief "seeks a judgment denying Debtor's discharge."

Count IV of the complaint is also entitled as "Objection to Discharge." While it contains allegations, which if proven, could provide a basis for denying an individual debtor a discharge under §727 of the Bankruptcy Code, such section does not apply to non-individuals. This section provides:

> "(a) The court shall grant the debtor a discharge, unless—
> (1) the debtor is <u>not an individual</u> (*emphasis added*)[3]"

The plaintiff seeks to assert jurisdiction of §727 in this proceeding (¶3) when it is clearly not applicable. Any action to object to the discharge of a corporate debtor is done within the context of the confirmation process by objecting to

---

[2] 11 USC Section 523(a).

[3] 11 USC Section 727(a)(1).

confirmation. For this reason, any complaint objecting to the discharge of the debtor in this proceeding should be dismissed.

### III. THE DEFENDANT SHOULD BE AWARDED SANCTIONS AGAINST THE PLAINTIFF'S COUNSEL UNDER RULE 7011 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

The complaint filed herein is clearly without any basis in law. The relief requested in the complaint has no legal basis in the applicable provisions of the Bankruptcy Code. Counsel for the defendant was advised of these issues by letter to him dated July 11, 2013, and served upon him via his e-mail on file with the Court. In addition, prior to the letter, counsel spoke with plaintiff's counsel and advised him of these issues. Despite adequate notice, the plaintiff failed to take any remedial action within the time allowed by the Rule (21 day time period expired August 1, 2013).

Defendant believes that the complaint was filed to harass it and its principal, Mary Slaey. In addition to there being no basis for filing the complaint, the allegations in the complaint are insufficient under the law to either deny a discharge or the dischargeability of a debt. The allegations of fraud are limited to the failure to pay an alleged debt. These cannot be considered misrepresentations of a present fact but statements as to future intentions.

Combining this complaint with the proof of claim filed by the plaintiff, one can only conclude that the intentions of the plaintiff are not honorable. The proof of claim alleges both general and punitive damage for non-payment of a debt in excess

of the amount of the debt.[4] The plaintiff is attempting to convert two claims for moneys due of approximately $66,000 by alleging other damages of $466,666.00. Included in this amount is a claim for attorneys' fees on a check with no provision in writing in which the defendant agreed to pay such fees.

For the reasons stated herein, plaintiff's counsel should be subject to such sanctions as the Court determines, which sanctions will act to prohibit both plaintiff's counsel and others from filing such deficient pleadings, in violation of Rule 7011 of FRBP in the future.

CONCLUSION:

The complaint should be dismissed as it is clearly without any legal foundation. Counsel for the plaintiff should be sanctioned for his actions in violation of Rule 7011 of the FRCP.

|  |  |
|---|---|
| Date: August 3, 2013 | **SYSTEMS INTEGRATION AND MANAGEMENT CORPORATION**<br>**By counsel** |

---

[4] The defendant, in its capacity as debtor, filed an objection to plaintiff's claim and an initial hearing is scheduled for September 10, 2013.

# EXHIBIT "A"

## THE LAW OFFICE OF BENNETT A. BROWN
*Attorney and Counselor at Law*

3905 Railroad Avenue, Suite 200N

Fairfax, VA  22030

**Bennett A. Brown**
Member of the Bars
of Virginia, Florida and
District of Columbia

Telephone: 703.591.3500
Cell: 703.725.6750
Facsimile: 703.352.5122
E-mail: bennett@pcgalaxy.com

July 11, 2013

By e-mail to acilman@aol.com

Alan J. Cilman
4160 Chain Bridge Road
Fairfax, VA  22030

    Re:    Systems Integration and Management Corporation
           Case No. 13-10826-RGM

Dear Alan:

This letter is a follow up to our telephone conversation of yesterday. I have filed a motion to be appointed as debtor's counsel in the above noted matter. From my review of the docket it appears that you have filed an adversary proceeding objecting to both dischargeability of certain debts and discharge. It does not appear that you have ever served the pleading despite directions to do so by the Court.

There is no statutory basis for your pleading. Section 523 of the Bankruptcy Code dealing with dischargeability of a debt only applies to individuals. In addition, the objection to discharge for a corporation is done in the plan confirmation process, not by an adversary proceeding.

If you believe that I am incorrect, I would ask that you provide to me the legal basis for each count of the complaint. If not, I would ask that you immediately take steps to withdraw the complaint. If you should fail to do so within the time allowed under Rule 7011 of the Federal Rules of Bankruptcy Procedure, we will seek sanctions against the appropriate persons for what I consider a blatant violation of said rule.

Alan J. Cilman
Page 2 of 2

Please govern yourself accordingly.

                    Very truly yours,

                    THE LAW OFFICE OF BENNETT A. BROWN

                    */s/ Bennett A. Brown*
                    By: Bennett A. Brown

BAB/sgb
cc:     Mary D. Slaey by e-mail to slayed@gmail.com